UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JUDITH GLUC,                                                                                              Plaintiff,

v.                                                                                    Civil Action No. 3:14-cv-519-DJH-DW

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,                                                                                Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant The Prudential Insurance Company of America has moved for judgment on the pleadings with respect to Plaintiff Judith Gluc's breach of fiduciary duty and disgorgement claims under the Employee Retirement Income Security Act (ERISA). (Docket No. 30) Because Gluc has not stated a plausible claim for relief as to either cause of action, Prudential's motion will be granted.

**I.     BACKGROUND**

The following facts are set forth in the complaint. Gluc has long-term disability insurance through Prudential. (D.N. 1, PageID # 2 ¶ 8) She stopped working in September 2011 because of a disability, and she remains disabled and eligible for benefits under the policy. (*Id.* ¶ 9; *see id.*, PageID # 3 ¶¶ 14-16) Prudential paid her short-term disability benefits from September 2011 to March 2012 and long-term disability benefits from March 2012 through March 2014. (*Id.*, PageID # 2 ¶ 10) In September 2013, Prudential notified Gluc that her benefits would be discontinued in March 2014. (*Id.* ¶ 11)

According to Gluc, Prudential's decision to terminate her disability benefits was "based on speculation as [to] her future condition" and outdated data, including a functional capacity evaluation from 2012. (*Id.*; *see id.* ¶ 12) She asserts that Prudential did not seek further medical

1

examination or explain why it disagreed with her treating physician regarding her condition. (*Id.*, PageID # 3 ¶¶ 14, 20-21) Gluc further alleges that Prudential improperly reduced her disability benefits and required reimbursement of previously paid benefits to reflect her receipt of Social Security benefits. (*Id.*, PageID # 3-4 ¶¶ 22-26) She contends that Prudential's medical reviewers "have shown a high, if not absolute, propensity of supporting its decision to deny claims"; that its "claims personnel are trained to make a reasonable decision, not an accurate decision"; that the company "operat[es] under an inherent and structural conflict of interest because any monthly benefits paid to Ms. Gluc are paid from Prudential's own assets with each payment depleting those same assets"; and that Prudential intentionally delayed a decision on Gluc's claim so that it could earn income on the unpaid benefit amounts. (*Id.*, PageID # 4-5 ¶¶ 27-33)

Sprinkled throughout the complaint are allegations that Prudential's wrongdoing extends beyond the handling of Gluc's claim. For example, Gluc asserts: "Prudential's actions with respect to [her] Social Security benefits are not unique. Prudential takes the same position with all other insured participants." (*Id.*, PageID # 4 ¶ 26) Likewise, she contends that "Prudential intentionally delay[ed] claim decisions" in administering her claim "as it does with all claims." *Id.*, PageID # 5 ¶ 33; *see also id.*, PageID # 2 ¶ 11 ("Prudential's forecasting approach to Ms. Gluc's future disability is [a] component of Prudential's claims administration—applied to all insured participants.")) Gluc cites 29 U.S.C. § 1132(a)(3) as "the enforcement mechanism permitting [her] to seek, on behalf of herself and all other participants, appropriate equitable relief" for Prudential's alleged breaches of fiduciary duty. (*Id.*, PageID # 6-7 ¶ 43) As will be explained below, Gluc's conclusory assertions of widespread misconduct do not convert her case into a class action, nor do they alter the underlying nature of her claim.

2

**II.     STANDARD**

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Coma Ins. Agency v. Safeco Ins. Co.*, 526 F. App'x 465, 467 (6th Cir. 2013) (citing *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012)). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It is factual allegations that are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion for judgment on the pleadings. *Id.* at 679; *see Coma Ins. Agency*, 526 F. App'x at 467.

**III.    ANALYSIS**

Gluc's first claim is for breach of contract. In it, she asserts that Prudential reduced and terminated her disability benefits in violation of the insurance policy. (*See* D.N. 1, PageID # 5-6 ¶¶ 36-38) Pursuant to 29 U.S.C. § 1132(a)(1)(B), she seeks to recover the benefits that Prudential denied, "to receive reinstatement for payment of future benefits, and to obtain declaratory relief." (D.N. 1, PageID # 6 ¶ 40)

Gluc also alleges that Prudential breached its fiduciary duty to her and to "all other participants" by

    a.    establishing a claims process in which its claims personnel systematically delay claim decisions;
    b.    establishing a claims process in which its claims personnel automatically accept the opinions of Prudential's paid medical reviewers;
    c.    establishing a claims process in which its claims personnel do not seek to reach an accurate decision, but instead only seek to render a reasonable decision;
    d.    establishing a claims process in which Prudential places its financial interests ahead of the participants and beneficiaries;
    e.    establishing a claims process in which Prudential does not consult with health care professionals with appropriate training and experience;
    f.    establishing a claims process in which Prudential does not seek independent and unbiased medical opinions, but instead seeks opinions favorable to its own financial interests; and
    g.    establishing a claims process in which benefits are automatically reduced by Social Security benefits without confirming whether they are paid for "loss of income" or "as a result of the same disability."

(*Id.*, PageID # 6 ¶ 42) She seeks equitable relief under 29 U.S.C. § 1132(a)(3), "including enjoining Prudential's claims practices that violate the terms of the plan and ERISA, redressing such violations, and/or enforcing provisions of the plan and ERISA." (*Id.*, PageID # 6-7 ¶ 43) Gluc further asserts that she is entitled to disgorgement of the earnings Prudential accumulated as a result of its delay in paying her benefits. (*Id.*, PageID # 7 ¶ 44) She identifies § 1132(a)(1)(B) and (a)(3) as the vehicles for such recovery. (*Id.* ¶ 46)

    ERISA provides for "appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996); *see* 29 U.S.C. § 1132(a)(3). As the Supreme Court explained in *Varity*, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" 516 U.S. at 515. An ERISA plaintiff may pursue a claim of breach of fiduciary duty under § 1132(a)(3),

4

> irrespective of the degree of success obtained on a claim for recovery of benefits under § [1132](a)(1)(B), only where the breach of fiduciary duty claim is based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under § [1132](a)(1)(B) is otherwise shown to be inadequate.

*Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372 (6th Cir. 2015) (citing *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 840-42 (6th Cir. 2007)). Thus, if § 1132 provides a remedy for Gluc's alleged injury, her claims for equitable relief are not viable. *See, e.g.*, *Hackney v. The Lincoln Nat'l Life Ins. Co.*, No. 3:11-CV-268-TBR, 2014 U.S. Dist. LEXIS 111142, at *14-15 (W.D. Ky. Aug. 12, 2014) (concluding that fiduciary-duty claim could not survive motion to dismiss because alleged breach of duty could "be fully remedied by an award of benefits under [§] 1132(a)(1)(B)").

Here, as in *Hackney*, the alleged injury can be remedied through § 1132(a)(1)(B). Gluc alleges numerous flaws in Prudential's claims process, but ultimately, the only injury she purports to have suffered is loss of benefits—an injury § 1132(a)(1)(B) is designed to address. *See Rochow*, 780 F.3d at 374-75. And the "accumulated earnings" Gluc seeks in her disgorgement claim may be recovered through an award of prejudgment interest, which the Court has discretion to make. *See id.* at 375-76; *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 986 (6th Cir. 2000) (upholding award of prejudgment interest where "to allow the [defendant] to retain the interest it earned on funds wrongfully withheld would be to approve of unjust enrichment").

Gluc argues that *Rochow* and *Hackney* are inapposite. She urges the Court to instead apply the reasoning of *Hill v. Blue Cross & Blue Shield of Michigan*, 409 F.3d 710 (6th Cir. 2005), because she alleges systemic flaws in Prudential's claims process and seeks plan-wide relief. (*See* D.N. 32, PageID # 417-19, 422-24) Unlike *Hill*, however, this is not a class action, notwithstanding Gluc's passing assertion that she may seek relief on behalf of herself and "all

5

other participants." (D.N. 1, PageID # 6 ¶ 43) Moreover, although Gluc maintains that Prudential's claims process is "systemically flawed," she does not allege facts to support a claim of plan-wide wrongdoing. Rather, the facts alleged indicate a problem with Prudential's processing of a single claim. *Cf. Hill*, 409 F.3d at 714-15 (five named plaintiffs alleged similar wrongdoing by defendant with respect to their claims for emergency medical benefits); *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 414 (6th Cir. 1998) (class action plaintiff's complaint listed more than twenty examples of allegedly improper benefit reductions under plan's "reasonable and customary" limitations). Gluc's unsupported allegations that such problems are systemic represent the sort of "'naked assertion[s]' devoid of 'further factual enhancement'" that do not satisfy the pleading rules. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

## IV. CONCLUSION

Because Gluc's complaint alleges only an injury for which § 1132(a)(1)(B) provides an adequate remedy, it fails to state a plausible claim for breach of fiduciary duty or disgorgement. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Prudential's motion for partial judgment on the pleadings (D.N. 30) is **GRANTED**. Gluc's claims of breach of fiduciary duty and disgorgement are **DISMISSED**.